UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KITCHI DITLHI TRUST BY AND
THROUGH TRUSTEE ROBERT-
ARNAZ:RACKARD,

    Plaintiff,

v.                                            Case No: 6:24-cv-1877-JSS-RMN

CHAD K. ALVARO, VINCENT
FALCONE, III, JONATHAN
MEISELS, CARDINGTON
MANAGEMENT LLC, NATION
STAR MORTGAGE LLC, JAY
BRAY, KURT JOHNSON, and PHIL
DIAMOND,

    Defendants.
_____/

**ORDER**

    On November 4, 2024, Plaintiff, proceeding pro se, moved (in two separate motions) to preliminarily "enjoin[] Defendants and any of their agents, employees, representatives, or assigns from taking any further actions to obtain possession or exercise control over the property located at 1401 Moselle Ave, Orlando Fl 32807." (Dkt. 13 at 4; Dkt. 15 at 4.) Plaintiff now moves for a third time to preliminarily enjoin Defendants from taking possession of the property at 1401 Moselle Avenue, claiming that Defendants "plan to execute [a] Writ of Possession at 11:00 AM on December 27, 2024." (Dkt. 44 at 2.)

In this action, Plaintiff is contesting the foreclosure of his home. On March 28, 2022, Defendant Nation Star Mortgage LLC (Nationstar) filed a complaint to foreclose property owned by Robert Arnaz Rackard. *Nationstar Mortg. LLC v. Rackard*, 2022-CA-002636-O (Fla. Cir. Ct. Mar. 28, 2022). On April 28, 2023, after having held a bench trial on the matter, Judge Vincent Falcone III ordered the foreclosure of the property (the Foreclosure Order). *Id.* Dkt. April 28, 2023. Judging from a separate order in the case later entered by Judge Chad K. Alvaro, while Rackard failed to appear at the trial, he has since protested the Foreclosure Order. *Id.* Sept. 19, 2024.

Plaintiff repeatedly argued that he never executed a mortgage agreement with Nationstar, and thus, they have no claim against him. *See, e.g.*, *id.* July 17, 2024 ("The plaintiff has failed to provide an Original contract between ROBERT ARNAZ RACKARD and Nation Star Mortgage LLC dba Mr. Cooper time and time and time again. No Contract! No Case!"). However, as Judge Alvaro found in his September 19 order, the Foreclosure Order was properly entered.

> With respect to certain assertions contained in [Rackard]'s Objection to Disbursement they are addressed as follows. [Rackard] does not have a counterclaim against [Nationstar]; a default was entered against [Rackard] on July 14, 2022 which has not been set aside, and in any event, the counterclaim would have been tried at the trial on April 28, 2023, which Defendant did not appear for. . . . [Nationstar] does not have to prove that [it] loaned [Rackard] any money or has a contract with [Rackard]; [Nationstar] only must demonstrate that it is the holder of the note evidencing that money was loaned to [Rackard] by a predecessor in interest, which [Nationstar] did at the trial on April 28, 2023, which [Rackard] did not appear for.

*Id.* Sept. 19, 2024 (internal citations omitted).  Florida's Sixth District Court of Appeal affirmed the Foreclosure Order over Rackard's protestations, *Rackard v. Nation Star Mortg., LLC*, 381 So. 3d 610 (Fla. Dist. Ct. App. 2023), and later barred him from docketing additional pro se filings in the matter, *Rackard v. Nation Star Mortg., LLC*, No. 6D23-2716, 2024 WL 1953156, at *1 ("Due to Appellant Robert Arnaz Rackard's apparent abuse of the legal process by his repetitive and frivolous pro se filings contesting the foreclosure judgment entered against him . . . this Court issued an order directing Appellant to show cause why he should not be prohibited from future pro se filings. . . .  To conserve judicial resources, Appellant is prohibited from filing with this Court any further pro se filings [in this matter].").  Plaintiff then brought this action, essentially claiming that the foreclosure of his home violated the United States and Florida Constitutions.  (*See* Dkt. 1-1 at 4–6.)

A preliminary injunction may issue only if the movant shows that (1) it has a substantial likelihood of success on the merits, (2) irreparable injury will be suffered unless the injunction issues, (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (4) the injunction would not be adverse to the public interest.  *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998).  Plaintiff references this standard in each of his motions but fails to provide caselaw as to any of these elements.  (*See* Dkts. 13, 15, and 44.)  Accordingly, the motions must be denied.  *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an

issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

Moreover, Plaintiff has also failed to comply with the procedural rules of the court. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules."). Across all three of its motions, Plaintiff fails to discuss the bond requirement associated with a preliminary injunction. *See* M.D. Fla. R. 6.02(a), 6.01(a)(4) (indicating that a motion for a preliminary injunction must include "a precise and verified explanation of the amount and form of the required security").

Accordingly, Plaintiff's motions for a preliminary injunction (Dkts. 13, 15, & 44) are **DENIED**.

**ORDERED** in Orlando, Florida, on December 27, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party
Counsel of Record